

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CASE NO. 1:15-CR-10 |
| THOMAS DAVID HANSEN | § § | |

**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

By order of the District Court, this matter is referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On August 5, 2015, this case came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Thomas David Hansen, on **Count Two** of the charging **Indictment** filed in this cause. Count Two of the Indictment charges that on or about March 28, 2014, in the Eastern District of Texas, and elsewhere, Thomas David Hansen, defendant, did unlawfully and knowingly possess one (1) Hewlett Packard Model 2000 laptop computer, bearing serial number 5CG3201YN1 containing one (1) HGST hard drive bearing

–1–

serial number 130502TW8513L9099VP, manufactured in whole or in part outside of the state of Texas, and which contained one or more visual depictions of minors engaging in sexually explicit conduct that had been transported using any means or facility of in or affecting interstate or foreign commerce or that had been produced using material that had been mailed, shipped, or transported by any means of in or affecting interstate or foreign commerce, including by computer, the production of which involved the use of at least one prepubescent minor or a minor who had not attained 12 years of age engaging in sexually explicit conduct, and which visual depiction(s) were of such conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B) & 2252(b)(2).

Defendant, Thomas David Hansen, entered a plea of guilty to Count Two of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement and plea agreement addendum which were disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that

Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

        d.        That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under 18 U.S.C. §§ 2252(a)(4)(b) and 2252(b)(2)

## **STATEMENT OF REASONS**

As factual support for Defendant's guilty plea, the Government presented a factual basis. *See Factual Basis and Stipulation.* In support, the Government would prove that Defendant, Thomas David Hansen, is one and the same person charged in Count Two of the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas and elsewhere. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in Count Two of the Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits. In support of the Defendant's plea, the Court incorporates the proffer of evidence described in detail in the factual basis and stipulation, filed in support of the plea agreement.

Defendant, Thomas David Hansen, agreed with and stipulated to the evidence presented in the factual basis. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence

presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count Two** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court accept the plea agreement and addendum pursuant to Federal Rule of Criminal Procedure 11(c). Accordingly, it is further recommended that, Defendant, **Thomas David Hansen**, be finally adjudged as guilty of the charged offense under **Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).**

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement and addendum, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement and addendum until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement or addendum, the Court will advise Defendant in open court that it is not bound by the plea agreement and addendum and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED.

R. CRIM. P. 11(c)(3)(B). If the plea agreement or addendum is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement and addendum. Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 1(a), 6(b), and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 6th day of August, 2015.**

*/s/ Keith F. Giblin*
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE